IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PACES PARK APARTMENTS and WOODWARD PROPERTY MANAGEMENT, | : : : : | CIVIL ACTION NO. 1:18-CV-1280-AT-JSA |
| Plaintiffs, | : : | |
| v. | : : | |
| JAMILA MASON, and All Other Occupants, | : : : | |
| Defendants. | : : | **ORDER AND FINAL REPORT AND RECOMMENDATION** |

Defendant Jamila Mason, proceeding *pro se*, seeks leave under 28 U.S.C. § 1915(a)(1) to remove this action to this Court *in forma pauperis,* without prepaying applicable fees and costs. Defendant's Application to Proceed in District Court without Prepaying Fees or Costs [1] states that she earns $3,200 per month and incurs expenses of $3,100 per month, but that her job reduced her pay, and she is "barely making enough to survive." *See* Application [1] at ¶¶ 1, 8, 12. The Court does not necessarily find that Defendant's income and assets are insufficient to allow Defendant to pay the filing fee or incur the costs of this action. Nevertheless, Defendant's Application to Proceed in District Court without Prepaying Fees or Costs [1] is **GRANTED** for the limited purpose of determining whether this action has been properly removed to this Court. This action shall therefore proceed as any

other civil action, and Defendant shall be allowed to proceed without prepayment of a filing fee.

Pursuant to 28 U.S.C. § 1447, if at any time before final judgment it appears that this Court lacks subject matter jurisdiction over an action that has been removed from a state court, this Court must remand the action. *See* 28 U.S.C. § 1447(c). The undersigned must therefore examine Defendant's Notice of Removal [1-1] to determine whether this Court has jurisdiction over Plaintiffs' claims. "In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001).

Defendant's Notice of Removal does not appear to contend that Plaintiffs have asserted any federal claims in the subject state-court action. It is not entirely clear, but it appears that Defendant is attempting to assert counterclaims or defenses under federal law. Defendant alleges that "the proceedings occurring are in violation of the Uniform Commercial Code and 15 USC 1692 Rule 60 of the Federal Rule of Civil Procedure." Notice of Removal at 1. Thus, it appears that Defendant is alleging that this Court has subject matter jurisdiction over this case on the basis of a federal

question. The Court has reviewed the record, however, and determines that Defendant has not established federal question jurisdiction.

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under 28 U.S.C. § 1441, a defendant may remove a civil action to a district court on the basis of such federal question jurisdiction. *See* 28 U.S.C. § 1441(a). The Supreme Court has held that the presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule. That rule provides that federal jurisdiction exists only when a federal question is presented on the face of the state-court plaintiff's properly-pleaded complaint. *See Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936); *see also Anderson v. Household Fin. Corp.*, 900 F. Supp. 386, 388 (M.D. Ala. 1995).

In this case, a review of the record reveals that Plaintiffs have asserted no federal claims. Instead, Defendant's Notice of Removal indicates that Plaintiffs' action in the Magistrate Court of DeKalb County is a dispossessory action to evict Defendant as a tenant for failure to pay rent. *See* Notice of Removal and attachments. An eviction or dispossessory action is a process governed by state law that does not typically implicate federal law. Defendant has not identified any

federal question that Plaintiffs' state-court dispossessory action raises. To the extent that Defendant is attempting to remove this action by asserting defenses or counterclaims that invoke federal statutes or the federal Constitution, that basis of removal is also improper. Under the well-pleaded complaint rule, federal defenses and counterclaims are not sufficient to confer jurisdiction on this Court to hear an action removed from a state court. *See Fed. Land Bank of Columbia v. Cotton*, 410 F. Supp. 169, 170 n.1 (N.D. Ga. 1975) ("Defendants' defense and counterclaim relating to truth-in-lending violations are clearly not sufficient to confer subject-matter jurisdiction upon this court for the entire action").

Defendant has not alleged that this Court has diversity jurisdiction over this action. *See* 28 U.S.C. § 1332(a). But even if Defendant had alleged diversity as a basis for jurisdiction, diversity between parties does not provide a basis for removal to federal court if any of the properly joined defendants is a citizen of the state in which the action is brought. *See* 28 U.S.C. § 1441(b)(2). Defendant states in the Application that she is a resident of Decatur, Georgia, and does not allege citizenship in any other state. *See* Application at ¶ 13. Thus, this action may not be removed on the basis of diversity jurisdiction.

Accordingly, while Defendant's Application to Proceed in District Court without Prepaying Fees or Costs [1] is **GRANTED**, for the reasons discussed above, the undersigned **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of DeKalb County. As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

**IT IS SO ORDERED and RECOMMENDED** this 30th day of March, 2018.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE